**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

RONALD B. MCCLELLAND,

    Plaintiff,

vs.                                                                Case No.:

METROPOLITAN LIFE INSURANCE

COMPANY,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, RONALD B. MCCLELLAND, by and through the undersigned attorney, and files this Complaint stating causes of action against Defendant, METROPOLITAN LIFE INSURANCE COMPANY, and alleges as follows:

1. This is an action for recovery of benefits under employee welfare benefit plans brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA).

2. Plaintiff, RONALD B. MCCLELLAND, is an adult resident citizen of Geneva County, Alabama.

3. Defendant, METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "METLIFE"), is a foreign corporation authorized to engage and engaging in business within the State of Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

## COUNT I – BREACH OF CONTRACT

5. On or about January 13, 2014, Plaintiff purchased through his employer, Pacific Drilling Services Incorporated, a contract of salary continuance insurance including long term disability (LTD) benefits (hereinafter "the LTD Plan").

6. At all times material to this Complaint, the LTD Plan was in full force and effect and Plaintiff was an LTD Plan participant.

7. Defendant, METLIFE, is in possession of all master LTD Plan documents.

8. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret LTD Plan provisions and is an LTD Plan fiduciary, or alternatively, is an LTD plan fiduciary without discretion to interpret LTD Plan provisions.

9. On or about May 7, 2015, Plaintiff became totally disabled from his past employment as defined by the LTD Plan, due to PTSD with flashbacks, depression, anxiety, insomnia, anger, loss of concentration, and other exertional and non-exertional impairments.

10. Plaintiff made a timely application for disability benefits under the LTD Plan, which Defendant confirmed receipt of on or about November 17, 2015.

11. On or about December 16, 2015, Defendant notified Plaintiff that Defendant required more information from Plaintiff to make a determination on Plaintiff's application for benefits.

12. On or about March 24, 2016, Defendant notified Plaintiff that Defendant denied Plaintiff's claim for disability benefits.

13. On or about September 19, 2016, Plaintiff appealed said termination of benefits, which Defendant confirmed receipt of on or about September 28, 2016.

14. On or about November 4, 2016, Defendant notified Plaintiff that a 45 day extension was necessary to render a decision on the appeal.

15. On or about December 21, 2016, Defendant upheld their previous denial of Plaintiff's claim for disability benefits.

16. Plaintiff continues to remain totally disabled from employment, as defined by the Plan, due to PTSD with flashbacks, depression, anxiety, insomnia, anger, loss of concentration, and other exertional and non-exertional impairments.

17. Plaintiff has exhausted all available administrative remedies afforded by the LTD Plan and has otherwise complied with all conditions precedent to this action.

18. Each of the Defendant's denials of Plaintiff's claims for LTD benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the LTD Plan, and derogated Plaintiff's right to disability benefits under the terms of the LTD Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all LTD Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: January 24, 2018

*/s/ Nick A . Ortiz*
Nick A. Ortiz
Florida Bar No. 12699
Ortiz Law Firm
823 E Jackson St.
Pensacola, FL 32501
(850) 308-7833(P)
(850) 208-3613 (F)
nick@nickortizlaw.com
Counsel for Plaintiff